# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **STANTON J. THOMPSON, #N-03882,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-cv-436-JPG** |
| | ) | |
| **LEE RYKER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

1

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**Facts:**

Plaintiff's complaint consists of a paragraph in which he alleges that Defendant Purdue[1] came to Plaintiff's cell, kissed him, and asked him to have sexual intercourse. Defendant Purdue then forced Plaintiff to have intercourse two times a week for six months. Plaintiff's complaint then becomes a list of named Defendants along with very brief statements of alleged claims. Plaintiff alleges that Defendants Melvin, Germain, Ryker, Stafford, Meeks, Williams, Moran, Hardy, Kuntz, Messerly, Mathy, Blackwell, Boyd, Randle, Pierce, and Casburn were aware of corruption and abuse occurring in the prison, but failed to do anything. Plaintiff alleges that Defendants Clevy, Duncan, Small made false statements about Plaintiff. Plaintiff further alleges that Defendants Lingle and Tinsley refused to call witnesses at Plaintiff's various administrative hearings. Plaintiff finally claims that Defendant Brian refused to provide Plaintiff with medical attention. The claim alleged against Defendant Hastings is unintelligible in the complaint, and Plaintiff does not raise a claim against Defendant Quinn.

**Discussion**:

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as

---

[1] Plaintiff later identified a Defendant Bryan Perdue, and associates him with the same claims that he alleges against Defendant Bryan Purdue. Both Defendants are also identified as correctional officers, and based on the similarities the Court assumes that Defendants Perdue and Purdue are in fact the same Defendant.

shown below.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

## Count 1: Eighth Amendment

Plaintiff alleges that for 6 months Defendant Purdue forced Plaintiff to have intercourse with him, twice a week.  The Eighth Amendment prohibiting cruel and unusual punishment is applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapmann,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime .*Id.,* (*quoting Gregg v. Georgia,* 428 U.S. 153, 173 (1976)). The Constitution also prohibits punishment that is totally without penological justification. *Gregg*, 428 U.S. at 183.  Forced sexual assault is not a recognized means of punishment in the prison system, and the use thereof by a correctional officer would amount to a claim for cruel and unusual punishment.   Whether or not Defendant Purdue engaged in the actions alleged by Plaintiff is a question of fact to be determined at a later time.  It is sufficient at this stage that Plaintiff has alleged actions that, if found to be true, could amount to an Eighth Amendment claim.  For this reason, this count against Defendant Purdue cannot be dismissed at this time.

## Count 2: Failure to Protect

Plaintiff next alleges that Defendants Melvin, Germain, Ryker, Stafford, Meeks, Williams, Moran, Hardy, Kuntz, Messerly, Mathy, Blackwell, Boyd, Randle, Pierce, and Casburn were aware

of various abuses and corruptions at the prison, but failed to intervene.  In order for Plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the above named Defendants acted with "deliberate indifference" to that danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who abused Plaintiff would do so, yet failed to take any action.  *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  Plaintiff does not identify the abusive or corrupt practices for which the named Defendants were supposed to be responsible.  Plaintiff does not state whether the abuses he has suffered were at the hands of prison officials or inmates, and does not say how these Defendants were supposed to be aware of these alleged actions.  As a result, Plaintiff has not provided enough information to proceed on a failure to protect claim at this time, thus this count against Defendants Melvin, Germain, Ryker, Stafford, Meeks, Williams, Moran, Hardy, Kuntz, Messerly, Mathy, Blackwell, Boyd, Randle, Pierce, and Casburn is dismissed without prejudice.

**Count 3: Due Process**

Plaintiff next claims that Defendants Clevy, Duncan, and Small made false statements about Plaintiff on various reports and documents, thus depriving him of due process.  A plaintiff states a claim for violation of procedural due process rights when he alleges that defendants have filed and/or approved disciplinary tickets, reports, and other documents that contain false charges that are not supported by any evidence. *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).  The issuance of these

documents containing false statements rises to a substantive due process violation where the charges were fabricated in retaliation for the plaintiff's exercise of a constitutional right. *Id.* at 1402-03; (*see Cain v. Lane*, 875 F.2d 1139, 1145 (7th Cir. 1988); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (stating that the filing of a false disciplinary charge against a prisoner is actionable under §1983 where it is done for retaliatory purposes). Plaintiff has not stated what false statements, in what documents, and for what motive the false statements by Defendants Clevy, Duncan, and Small were allegedly made. As such, Plaintiff has not sufficiently alleged that Defendants Clevy, Duncan, and Small violated Plaintiff's due process rights, and as a result this count must be dismissed against these defendants without prejudice.

Plaintiff further alleges that Defendants Lingle and Tinsley violated his due process rights when they refused to admit Plaintiff's witnesses during a disciplinary hearing. The right to call witnesses in a prison disciplinary hearing was considered in the *Wilkinson v. Austin* case, where it was determined that a prison has a legitimate interest in controlling individual inmates as well as the prison in general, and that this interest is threatened by allowing inmates the opportunity to call witnesses to disciplinary hearings, making the potential value of the witness testimony small in comparison to the cost to security. *Wilkinson v. Austin*, 545 U.S. 209, 228 (2005). Plaintiff does not allege that the disciplinary hearing was in any other way disadvantageous to him, but asserts only that his inability to call witnesses constitutes a due process violation. Because Defendants Lingle and Tinsley had an interest in the security of the prison that outweighed Plaintiff's interest in calling witnesses at his hearing, this count for violation of due process against Defendants Lingle and Tinsley is dismissed with prejudice.

**Count 4: Deliberate Indifference**

Plaintiff next claims that Defendant Brian consistently refused to provide Plaintiff with any medical treatment, even though he was seen by Defendant Brian more than 5 times a week. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi,* 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996). The Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

Plaintiff has not stated the reasons that he attended the medical ward more than 5 times in any given week. Thus it is impossible for the Court to determine at this time whether Plaintiff's need for medical attention was necessary and so obvious as to amount to deliberate indifference. As a result, Plaintiff has not stated a claim for deliberate indifference and this count against Defendant Brian is dismissed without prejudice.

**Count 5: Miscellaneous**

Plaintiff has named two additional defendants in the caption of his complaint: Defendants

Hastings and Quinn.  The allegations relating to Defendant Hastings state "knowing he new I didn't do anything wrong bad but states have standards rules."[sic.](Doc. 1, p. 8).  It is unclear what Plaintiff is attempting to allege against Defendant Hastings based on this statement.          Further, Plaintiff fails to raise Defendant Quinn anywhere else within his complaint outside of the caption.

Plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims so that these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Plaintiff has not adequately alleged any actions against Defendants Hastings and Quinn in his complaint, and thus they cannot be said to have been put on notice of any claims.  As such, any claims against Defendants Hastings and Quinn are dismissed without prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that  Counts 2,3,4, and 5 are frivolous, and thus  Defendants **MELVIN, GERMAIN, RYKER, STAFFORD, MEEKS, WILLIAMS, MORAN, HARDY, KUNTZ, MESSERLY, MATHY, BLACKWELL, BOYD, RANDLE, PIERCE, CASBURN,**

**CLEVY, DUNCAN, SMALL, BRIAN, HASTINGS,** and **QUINN** are **DISMISSED** from this action without prejudice.  Defendants **LINGLE** and **TINSLEY** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall prepare for Defendant **PURDUE**:  (1) a Notice of Lawsuit and Request for Waiver of Service of Summons; and (2) a Waiver of Service of Summons.  The Clerk is directed to mail said forms, a copy of the Complaint, and this Memorandum and Order to Defendant's work address or employer address as provided by Plaintiff. If Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on  Defendant and will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the address provided by Plaintiff, the Correctional Center shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above, or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date on which a true and correct copy of any document was served on Defendant or his counsel.  Any paper received by a district judge or

8

magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to United States **Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to United States **Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in dismissal of this action for want of prosecution. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**Dated: January 14, 2011**

   **s/ J. Phil Gilbert**

   **U. S. District Judge**

9